**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**GREGORY RICHARDSON,**

**Petitioner,**

**v.** **Civil Action No. 3:26cv504**

**JASON WILSON,**

**Respondent.**

**MEMORANDUM OPINION**

Gregory Richardson, a Virginia inmate proceeding *pro se*, submitted this civil action. By Memorandum Opinion and Order entered on June 17, 2026, the Court dismissed the action without prejudice. (ECF Nos. 2, 3.) The Court explained as follows:

> Gregory Richardson, a Virginia inmate proceeding *pro se*, submitted this civil action.[1] Mr. Richardson has amassed an extensive history of frivolous and abusive litigation. *See Richardson v. Va. Dep't of Corr.*, No. 3:07CV514, ECF No. 47, at 1–7 (E.D. Va. Dec. 9, 2008). Thus, Mr. Richardson's litigation in this district is subject to the following pre-filing injunction:
>
> > 1. Absent a bona fide emergency, the Court will only process one action at a time from [Mr.] Richardson . . . .
> >
> > If [Mr.] Richardson files a new action while another action is pending before the Court, the new action will be filed and

[1] Mr. Richardson also purportedly filed the action on behalf of Jackie Robinson and Edward Furby. Mr. Richardson is not permitted to litigate matters on the behalf of other *pro se* petitioners. Parties may plead and conduct their own cases *personally* or *by counsel* in all courts of the United States. *See* 28 U.S.C. § 1654. Individuals who are not licensed attorneys may not represent third parties because such representation constitutes the unauthorized practice of law. Rules of Supreme Court of Virginia, Pt. 6, § I; *see DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341-42 (W.D.N.Y. 2004); *Kone v. Wilson*, 630 S.E.2d 744, 745–46 (Va. 2006). To the extent that Mr. Robinson or Mr. Furby wish to pursue the action, they must each file their own petition for writ of habeas corpus and they will be opened as separate civil actions.

summarily dismissed without prejudice. If an action is transferred or removed to this Court while another action is currently pending before the Court, the new action will be filed and summarily dismissed without prejudice. [Mr.] Richardson may dismiss a pending action to expedite another action that he wishes the Court to consider. Such dismissal, however, will be with prejudice if a responsive pleading or motion has been filed.

2. [Mr.] Richardson may not simultaneously litigate multiple challenges to his current custody in state and federal courts. *See* 28 U.S.C. § 2244(b); 28 U.S.C. § 2254(b)(1)(A).

3. [Mr.] Richardson is precluded from writing on both sides of any submission.

4. All petitions for writs of habeas corpus and civil rights actions under 42 U.S.C. § 1983 must be submitted on the standardized forms, which may be obtained from the Clerk of Court. To the extent that [Mr.] Richardson wishes to pursue an action under some other statute than 28 U.S.C. § 2241, 28 U.S.C. § 2254, or 42 U.S.C. § 1983, he must identify the statute that authorizes the action at top of the first page of the action and succinctly explain why that statute is applicable.

5. In order to monitor [Mr.] Richardson's repetitious and multiplicitious litigation he must attach to each new complaint or petition a separate document entitled "motion for leave to file and certificate of compliance" which shall in separately number paragraphs:

> (a) Identify by style, date filed, and current status, all cases filed by him or in which he has been a plaintiff or petitioner within the one year period preceding the filing of the certificate. [Mr.] Richardson shall also identify in which court the case was filed;
>
> (b) Certify that the claims he wishes to present are new claims never before raised and dismissed with prejudice by any federal court and set forth why each claim could not have been raised in one of his prior federal actions;
>
> (c) For any complaint, set forth in separate subparagraphs for each of the defendants the facts that [Mr.] Richardson believes entitle him to

> relief against the defendant and the basis for his belief that such facts exist. Each subparagraph must, standing alone and without reference to other subparagraphs, exhibits, or attachments, establish that the claim against the defendant is made in good faith, and has a tenable basis in fact and is not frivolous;
>
> (d) Contain [Mr.] Richardson's statement under penalty of perjury that the statements made in the certificate of compliance are true.
>
> 6. [Mr.] Richardson's failure to comply strictly with the requirements set forth above will result in summary denial of the motion for leave to file. If [Mr.] Richardson misrepresents any facts he will be subject to appropriate sanctions.
>
> *Richardson v. Va. Dep't of Corr.*, No. 3:07CV514, ECF No. 49, at 1–3 (E.D. Va. Jan. 8, 2009).
>
> Mr. Richardson's newest filing wholly fails to comply with the requirements set forth in the pre-filing injunction. For example, Mr. Richardson failed to file on a standardized form for bringing a § 2241 petition. Mr. Richardson also failed to comply with the requirement that he must file a motion for leave to file and certificate of compliance with any submission.

(ECF No. 2, at 1–3.)[2] Accordingly, because Mr. Richardson failed to follow the prior directives of the Court, the Court dismissed the action without prejudice. (*Id.* at 3.)

On June 29, 2026, the Court received a submission from Mr. Richardson entitled: "UPON A MOTION TO VACATE, REOPEN JUDGMENT BILL OF PARTICULAR." (ECF No. 7.) The Court construes this motion as a Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion."). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects capitalization, spelling, and punctuation from Mr. Richardson's submissions.

days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Mr. Richardson argues that the Court should grant his Rule 59(e) Motion to correct a clear error of law or prevent manifest injustice. (*See* ECF No. 7, at 4.)

The Court fails to discern exactly what Mr. Richardson intends to argue. Mr. Richardson first states that the Court "erred and abused its discretion when severing the Respondents." (ECF No. 7, at 2.) The Court never severed Respondents. To the extent that the Court informed Mr. Richardson that he could not bring a habeas action on behalf of other inmates, the Court discerns no clear error of law or that the Rule 59(e) Motion should be granted to prevent manifest injustice. Mr. Robinson and Mr. Furby may litigate their own habeas actions. It also appears that Mr. Richardson wishes the Court to revisit the pre-filing injunction imposed upon him in *Richardson*, No. 3:07CV514. However, Mr. Richardson fails to identify any persuasive reason for doing so or why it would be appropriate in this particular action.

In sum, Mr. Richardson has not demonstrated a clear error of law in the Court's conclusion or that the Court should vacate the judgment to prevent manifest injustice. Accordingly, the Rule 59(e) Motion (ECF No. 7) will be DENIED.

An appropriate Final Order shall issue.

Date: 10/16/2026
Richmond, Virginia

/s/
M. Hannah Lauck
Chief United States District Judge